UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEWTONOID TECHNOLOGIES, LLC, et al., | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | Case No. 1:23-cv-02532 |
| v. | Judge Sharon Johnson Coleman |
| ABBOTT LABORATORIES, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Newtonoid Technologies, LLC ("Newtonoid"), Windgo, Inc. ("Windgo") and Veristik, Inc. ("Veristik") (collectively "Plaintiffs") filed a complaint on April 21, 2023, alleging infringement of its United States Patents No. 11,392,818 ("'818 Patent") against Defendant Abbot Laboratories ("Abbott"). Abbott has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and for lack of patent eligible subject matter under 35 U.S.C. § 101. For the following reasons, Abbott's motion to dismiss is granted [28].

**Background**

Plaintiffs' '818 Patent, entitled "GRAPHICALLY ENCODED ICONS HAVING INTRINSIC ATTRIBUTES EMBEDDED THEREIN AND SYSTEMS AND METHODS FOR USING THE SAME," was issued by the United States Patent and Trademark Office on July 19, 2022. (Dkt. 32, Exhibit 1.) The Abstract of this patent discloses "[a] user instrument for engaging in a transaction [which] includes a graphically encoded icon having a static portion, and intrinsic portion comprising an area of stimuli-responsive material defining first machine-readable indicia." (Dkt. 32, Exhibit 2.) The Abstract further describes how "[a]t least a portion of the stimuli-responsive material transforms from a first state to a second state in response to a trigger." *(Id.)* This transformation

produces results in "machine-readable indicia." (*Id.*) The transformation itself is "semi-irreversible." (*Id.*) The machine readable indicia compromises information that "permit[s] or den[ies] a user to engage in a second transaction via the user instrument." (*Id.*)

At issue is claim 8 of the '818 Patent:

> 8. A graphically encoded icon, comprising:
>
> a label attached to an object, the label comprising a static portion and an intrinsic portion;
>
> wherein:
>
>> the static portion comprises machine-readable indicia;
>>
>> the intrinsic portion comprises an area of stimuli-responsive material;
>>
>> the stimuli-responsive material is configured to change from a first state to a second state in response to a trigger, the change in state being based on an attribute about the object; and
>>
>> the transformation of the stimuli-responsive material is a change in the transparency of the stimuli-responsive material.

(Dkt. 32, Exhibit 1.) Plaintiffs allege that Abbott has and continues to infringe at least claim 8 of the '818 Patent by making, using, selling, and offering for sale the BinaxNOW COVID-19 Antigen Self Test, in the United States (the "Infringing Product").

**Legal Standard**

Because a Rule 12(b)(6) motion is a purely procedural issue, Seventh Circuit law governs this legal standard. *Nalco Company v. Chem–Mod, LLC*, 883 F.3d 1337, 1346 (Fed. Cir. 2018). A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When

considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). When ruling on a motion to dismiss, courts "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019).

**Discussion**

The Federal Circuit has "repeatedly recognized that in many cases it is possible and proper to determine patent eligibility under 35 U.S.C. § 101 on a Rule 12(b)(6) motion." *Genetic Technologies, Ltd. v. Merial LLC*, 818 F.3d 1369, 1373 (Fed. Cir. 2016) (citation omitted); s*ee also SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018) (collecting recent cases). But the ability to determine patent eligibility on such a motion does not dispose of the requirement for a plaintiff to state a plausible claim for relief. For a patent infringement claim to survive a motion to dismiss, "there must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Here, Plaintiffs' complaint fails to meet this requirement. In their complaint, Plaintiffs assert that Abbott "has and continues to infringe the '818 Patent by making, using, selling, and offering for sale the Infringing Product in the United States, including this judicial district, and importing into the

United States the Infringing Product that is sold in this judicial district." (Dkt. 1.) To support this claim, Plaintiffs include a picture of the front of the Infringing Product and an exhibit showing Patent '818. The effect is a conclusory recitation of section 271(a), with the addition of one commercial image in the complaint and the patent as an exhibit.

To support the sufficiency of their complaint, Plaintiffs point to *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), where the Federal Circuit held that a complaint that "specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet 'each and every element of at least one claim of the [patents in dispute], either literally or equivalently'" provided fair notice of infringement of the asserted patents. 888 F.3d at 1260. But there, the plaintiff's complaint included exhibits that identified specific components that allegedly infringed on the patent in question. In contrast, here, Plaintiffs' complaint fails to identify any component(s) within the Infringing Product that infringes their patent or describe how, to the best of their belief, the component(s) infringes their product. *Cf. Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (holding that a complaint is sufficient when it places the alleged infringer on "'notice of what activity . . . is being accused of infringement' . . . where the alleged infringement occurred . . . when the alleged infringement occurred . . . and why") (quoting *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013).

Consistent with Federal Circuit precedent, the Court notes that "[t]he level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8 LLC*, 4 F.4th at 1353. And as the case is at the pleading stage, the Court does not require Plaintiffs to "prove [their] case." *Nalco Co.*, 883 F.3d at 1350. But absent

sufficient factual allegations, Plaintiffs' complaint does not assert a plausible claim for patent infringement.

**Conclusion**

For these reasons, the Court grants Abbott's motion to dismiss without prejudice [28]. Plaintiffs are granted leave to amend their complaint within 14 days if they have a good faith basis for believing they can cure the pleading deficiencies identified in this opinion. If Plaintiffs do not file their amended complaint within 14 days from the date of this Order, Plaintiffs' case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 9/17/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge